**United States Bankruptcy Court**
**District of Massachusetts**

# AMENDED CHAPTER 13 PLAN

Filing Date: _____   Docket #: **1:16-bk-12270**

Debtor: **Vanmeter, Robert D.**   Co-Debtor: _____

SS#: **0028**   SS#: _____

Address: **64 Winter St**   Address: _____

**Hanson, MA  02341-1108**   ,

Debtor's Counsel:

**Benner & Weinkauf, P.C.**
**33 Samoset St**
**Plymouth, MA  02360-4551**

**(508) 746-8030**
**(866) 227-4592**

ATTACHED TO THIS COVER SHEET IS THE CHAPTER 13 PLAN FILED BY THE DEBTOR(S) IN THIS CASE. THIS PLAN SETS OUT THE PROPOSED TREATMENT OF THE CLAIMS OF CREDITORS. THE CLAIMS ARE SET FORTH IN THE BANKRUPTCY SCHEDULES FILED BY DEBTOR(S) WITH THE BANKRUPTCY COURT.

YOU WILL RECEIVE A SEPARATE NOTICE FROM THE BANKRUPTCY COURT OF THE SCHEDULED CREDITORS MEETING PURSUANT TO 11 U.S.C. § 341. THAT NOTICE WILL ALSO ESTABLISH THE BAR DATE FOR FILING PROOFS OF CLAIMS.

PURSUANT TO THE MASSACHUSETTS LOCAL BANKRUPTCY RULES, YOU HAVE UNTIL THIRTY (30) DAYS AFTER THE § 341 MEETING OR THIRTY (30) DAYS AFTER THE SERVICE OF AN AMENDED OR MODIFIED PLAN TO FILE AN OBJECTION TO CONFIRMATION OF THE CHAPTER 13 PLAN, WHICH OBJECTION MUST BE SERVED ON THE DEBTOR, DEBTOR'S COUNSEL AND THE CHAPTER 13 TRUSTEE.

**United States Bankruptcy Court**

**District of Massachusetts**

# AMENDED CHAPTER 13 PLAN

Docket No.: **1:16-bk-12270**

DEBTOR(S):  (H) **Vanmeter, Robert D.**                                 SS# **0028**
                       (W)                                                                     SS#

**I. PLAN PAYMENT AND TERM:**

Debtor(s) shall pay monthly to the Trustee the sum of $ **691.00** for the term of:

[ ] 36 Months. 11 U.S.C. § 1325(b)(4)(A)(i);

[ ] 60 Months. 11 U.S.C. § 1325(b)(4)(A)(ii);

[ x ] 60 Months. 11 U.S.C. § 1322(d)(2). Debtor avers the following cause:

[ ]____Months. The Debtor states as reasons therefore:

**STATEMENT OF CAUSE: The Debtor(s) is required to extend the plan to 60 months due to income constraints that make a shorter plan unfeasible.**

**II. SECURED CLAIMS:**

A. Claims to be paid through the plan (including arrears):

| Creditor | Description of Claim (pre-petition arrears, purchase money, etc.) | Amount of Claim |
|---|---|---|
| **Wells Fargo Hm Mortgag** | **64 Winter St, Hanson, MA 02341-1108** | **33,162.50** |
| | Total of secured claims to be paid through the Plan: $ | **33,162.50** |

B. Claims to be paid directly to creditors (not through plan):

| Creditor | Description of Claim |
|---|---|
| **Wells Fargo Bank Nv NA** | **64 Winter St, Hanson, MA 02341-1108** |
| **Wells Fargo Hm Mortgag** | **64 Winter St, Hanson, MA 02341-1108** |

C. Modifications of Secured Claims:

| Creditor | Details of Modification (Additional details may be attached) | Amt. of Claim to Be Paid Through Plan |
|---|---|---|
| **None** | | |

D. Leases:

i. The Debtor(s) intend(s) to reject the residential/personal property lease claims of:

**None**

ii. The Debtor(s) intend(s) to assume the residential/personal property lease claims of :

**None**

iii. The arrears under the lease to be paid under the Plan are_____.

**III. PRIORITY CLAIMS:**

A. Domestic Support Obligations:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **None** | | |

B. Other:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **None** | | |

Total of Priority Claims to Be Paid Through the Plan: $_____ **0.00**

**IV. ADMINISTRATIVE CLAIMS:**

A. Attorneys fees (to be paid through the Plan): $ **3,500.00**.

B. Miscellaneous fees:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **None** | | |

C. The Chapter 13 Trustee's fee is determined by Order of the United States Attorney General. The calculation of the Plan payment set forth utilizes a 10% Trustee's commission.

**V. UNSECURED CLAIMS:**

The general unsecured creditors shall receive a dividend of **1.10**% of their claims.

A. General unsecured claims: $_____ **52,084.00**

B. Undersecured claims arising after lien avoidance/cramdown:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **None** | | |

C. Non-Dischargeable Unsecured Claims:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|

Total of A + B + C unsecured claims: $ **52,084.00**

D. Multiply total by percentage**:** $ **574.00**.

(Example: total of $38,500.00 x .22 dividend = $8,470.00)

E. Separately classified unsecured claims (co-borrower, etc.):

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **None** | | |

Total amount of separately classified claims payable at **100**%: $ **0.00**

## VI. OTHER PROVISIONS:

A. Liquidation of assets to be used to fund Plan:

B. Miscellaneous provisions:

**\* This is a pot plan.  The payments made here under are constant.  The stated dividend is only an estimate.  If the amount of allowed unsecured claims differs from the amount in Part V, the percentage dividend shall be automatically adjusted to accommodate the difference .**

**\*\* Only creditors filing timely proof of claims shall be paid through the plan.**

## VII. CALCULATION OF PLAN PAYMENT:

A. Secured claims (Section I-A Total): $ **33,162.50**

B. Priority claims (Section II-A & B Total): $ **0.00**

C. Administrative claims (Section III-A & B Total): $ **3,500.00**

D. Regular unsecured claims (Section IV-D Total): + $ **574.00**

E. Separately classified unsecured claims: $ **0.00**

F. Total of a + b + c + d + e above: $ **37,236.50**

G. Divide (f) by .90 for total including Trustee's fee: Cost of Plan: $ **41,374.00**

  (This represents the total amount to be paid into the Chapter 13 Plan)

H. Divide (G), Cost of Plan by, Term of Plan, **60** months
I. (This represents the total amount to be paid into the Chapter 13 Plan)
**J. Subtract the total amount of payments the Debtor has made to the Trustee to date:**....................... $ **1,322.00**
**K. Total amount left to be paid (g minus h)**................................................................................................ $ **40,042.00**
**L. Divide (i) by # of months remaining:**..................................................................................................... **58 Months**
**M. Round up to nearest dollar: Amended Monthly Plan Payment:** $**691.00**

(Enter this amount on Page 1)

**Amended Plan Payment date to begin: September 2016**

Pursuant to 11 U.S.C. §1326(a)(1) unless the Court orders otherwise, debtor shall commence making the payments proposed by a plan within thirty (30) days after the petition is filed. Pursuant to 11 U.S.C. §1326(a)(1)(C), the debtor shall make preconfirmation adequate protection payments directly to the secured creditor.

**VIII. LIQUIDATION ANALYSIS**

A. Real Estate:

| Address | Fair Market Value | Total Amount of Recorded Liens (Schedule D) |
|---|---|---|
| **64 Winter St, Hanson, MA 02341-1108** | **235,000.00** | **178,894.00** |

| | |
|---|---|
| Total Net Equity for Real Property: | $ **56,106.00** |
| Less Total Exemptions (Schedule C): | $ **56,106.00** |
| Available Chapter 7: | $ **0.00** |

B. Automobile

| Describe year, make and model | Value | Lien | Exemption |
|---|---|---|---|
| **1999 Ford F-150 Lariat 2dr Regular Cab 4WD LB** | **3,744.00** | **0.00** | **3,744.00** |
| **2003 Ford F-150** | **5,081.00** | **0.00** | **7,500.00** |

| | |
|---|---|
| Total Net Equity: | $ **8,825.00** |
| Less Total Exemptions (Schedule C): | $ **8,825.00** |
| Available Chapter 7: | $ **0.00** |

C. All Other Assets (All remaining items on Schedule B): (Itemize as necessary)

| | |
|---|---|
| Total Net Value: | $ **31,200.00** |
| Less Exemptions (Schedule C): | $ **31,200.00** |
| Available Chapter 7: | $ **0.00** |

D. Summary of Liquidation Analysis (total amount available under Chapter 7):

Net Equity (A and B) plus Other Assets (C) less all claimed exemptions: $ **0.00**.

E. Additional Comments regarding Liquidation Analysis:

**IX. SIGNATURES**

Pursuant to the Chapter 13 rules, the debtor or his or her attorney is required to serve a copy of the Plan upon the Chapter 13 Trustee, all creditors and interested parties, and to file a Certificate of Service accordingly.

| | |
|---|---|
| */s/ Thomas Benner* | **September 6, 2016** |
| Debtor's Attorney | Date |

Attorney's Address:
**Benner & Weinkauf, P.C.**

**33 Samoset St**

**Plymouth, MA  02360-4551**

Tel. # **(508) 746-8030**　　　　　　　　　　　　　　Email Address: **tbenner@tbennerlaw.com**

**I/WE DECLARE UNDER THE PENALTIES OF PERJURY THAT THE FOREGOING REPRESENTATIONS OF FACT ARE TRUE AND CORRECT TO THE BEST OF OUR KNOWLEDGE AND BELIEF.**

*/s/ Robert D. Vanmeter*　　　　　　　　　　　　　　Se**ptember 6, 2016**
Debtor　　　　　　　　　　　　　　　　　　　　　　Date

Debtor　　　　　　　　　　　　　　　　　　　　　　Date

## CERTIFICATE OF SERVICE

I, Thomas C. Benner, Esq., hereby certify that I have served a copy first class mail, postage pre paid of the within Chapter 13 Plan to the attached distribution service list.

/s/ Thomas C. Benner, Esq.
Thomas C. Benner, Esq.

VIA CM/ECF

John Fitzgerald, United States Trustee
Carolyn Bankowski, Chapter 13 Trustee

(p)BANK OF AMERICA
PO BOX 982238
EL PASO TX 79998-2238


CREDIT FIRST N A
PO BOX 818011
CLEVELAND OH 44181-8011

Chase Card
PO Box 15298
Wilmington, DE  19850-5298

Discover Bank
Discover Products Inc
PO Box 3025
New Albany, OH  43054-3025


Discover Fin Svcs LLC
PO Box 15316
Wilmington, DE  19850-5316

Midland Funding
2365 Northside Dr Ste 30
San Diego, CA  92108-2709

Orlans Moran PLLC
PO Box 540540
Waltham, MA  02454-0540


Portfolio Recovery Associates LLC
130 Corporate Blvd
Norfolk, VA  23502-4952

Wells Fargo Bank Nv NA
PO Box 31557
Billings, MT  59107-1557

(p)WELLS FARGO BANK NA
WELLS FARGO HOME MORTGAGE AMERICAS SERVICING
ATTN BANKRUPTCY DEPT MAC X7801-014
3476 STATEVIEW BLVD
FORT MILL SC 29715-7203